PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline.
The Florida Bar served its Complaint on April 23, 1975 alleging as follows:
1. The Respondent, Benjamin F. Du-Bois, III, is, and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. This complaint is filed by The Florida Bar, by direction of its Board of Governors, and all conditions prerequisite to the filing of this Complaint, required by the Integration Rule, have been fulfilled.
3. From 1971 until the filing of this Complaint, the Respondent has unethically failed to preserve the identity and safeguard the assets of funds held in trust by him on behalf of clients. He has converted funds belonging to clients to his own use and has deceitfully avoided his responsibility to account for those funds to his clients and Circuit Judge Roger A. Barker of the Ninth Judicial Circuit.
4. During all times material to the events alleged in this Complaint, the Respondent was acting as the attorney for Rosemary Glover who had been appointed guardian for Darryl Jerrod Montgomery in what is now Ninth Judicial Circuit Probate Court Case No. PR 27,612 styled In re: Guardianship of Darryl Jerrod Montgomery, a minor.
5. On May 29, 1971, an order designating depository was entered by the Court in the guardianship of Darryl Jerrod Montgomery designating the Commercial Bank at Apopka, Florida, as the depository for approximately $16,000 cash. The order was prepared for the court’s signature by the Respondent who was acting as the attorney for the guardian, Rosemary Glover.
6. From May 28, 1971, until he was discharged as attorney for the guardian in December 1974 or January 1975 the Respondent failed to comply with the court’s order designating depository and, instead, converted the money to his own personal use.
7. From May 28, 1971, until December 3, 1974, the Respondent concealed his failure to comply with the court’s order and his conversion of the funds from his client, Rosemary Glover.
8. On or about December 3, 1974, the Respondent promised Circuit Judge Roger A. Barker and his client, Rosemary Glover, that he would replace the $16,000 he had converted from *500 the guardianship of Darryl Jerrod Montgomery within three weeks. The Respondent then failed to comply with his own promise.
9. By reason of the foregoing, the Respondent has:
A. converted his clients’ funds to his own use and failed to account for, and turn over, trust funds in violation of Integration Rules 11.02(4) and 11.02(3) (a) and Disciplinary Rules 1-102(A)(4) and 9-102(B)(2), (3) and (4) of the Code of Professional Responsibility;
B. engaged in stealing amounting to grand larceny under Florida Statutes, Section 811.021 (1)(b), F.S.A. in violation of Integration Rule 11.02(3) (b) and Disciplinary Rule 1-102(A)(3) of the Code of Professional Responsibility.
The Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline is granted and Benjamin F. DuBois, III is hereby suspended for three years with any subsequent reinstatement to be conditioned upon prior proof of restitution for all defalcations or misappropriations, proof of rehabilitation in a regular reinstatement proceeding and satisfactory passage of a regular Bar examination after those proceedings.
Costs in the amount of One Hundred Ninety-Nine Dollars and Seventy Cents ($199.70) are hereby taxed against respondent.
It is so ordered.
ADKINS, C. J., and ROBERTS, BOYD, OVERTON and HATCHETT, JJ., concur.